IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRILL A. WALKER,** | |
| **Plaintiff,** | |
| v. | Case No. 24-cv-1171-MAB |
| **DARREN GALLOWAY,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Terrill A. Walker, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Walker's Complaint (Doc. 1) alleging Fourteenth Amendment violations during his placement in segregation was dismissed without prejudice (Doc. 16). Walker was granted leave to file an amended pleading. In his Amended Complaint (Doc. 19), Walker alleges that he was improperly denied access to recreational activities and the yard in violation of the Fourth, Eighth, and Fourteenth Amendments.[1]

---

[1] After filing his Amended Complaint, Walker filed a supplement to his amended complaint with additional authority he alleged supported his claims. But the Court does not accept piecemeal amendments to the pleadings. Thus, his supplement (Doc. 22) is **STRICKEN**.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.[2] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In the Amended Complaint, Walker makes the following allegations: On February 15, 2024, Walker was sent to restrictive housing on a disciplinary violation (Doc. 19, p. 1). Specifically, he was charged with a drug infraction because he possessed THC (*Id.*). Walker pled guilty to the charge and received 90-days in segregation, a 6 month restriction on phone privileges, and 6 months loss of visitation privileges (*Id.* at p. 2). On March 8, 2024, Sergeant Benard denied Walker access to the yard (*Id.*). Walker contends that per IDOC Administrative Code every inmate in restrictive housing is entitled to 10 hours of recreation per week and no less than 1 hour per day (*Id.* at p. 1). When Walker asked Benard why he was being denied access to the yard, Benard informed him that Warden Galloway had issued a rule denying yard to all individuals found guilty of drug disciplinary charges (*Id.* at p. 2). Inmates with other infractions were eligible for yard, but

---

[2] The Court has jurisdiction to screen the Amended Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

2

inmates with drug charges, like Walker, would not receive access to the yard while in restrictive housing (*Id.*).

Walker filed numerous grievances about his access to yard, but on April 2, 2024 Walker filed an emergency grievance directly to Warden Galloway (*Id.* at p. 2). In the grievance, Walker asked Galloway why he was singling out inmates with drug infractions for additional discipline. Walker argues that this practice is a violation of IDOC policy statements and is also discriminatory (*Id.* at p. 3). While awaiting a response from Warden Galloway on his emergency grievance, Walker met with a mental health provider about his condition. Walker alleges that because he lacked access to recreation and the yard, he suffered from depression and "psychological harms" (*Id.*). Walker contends that these "harms" included anxiety, panic, psychosis, hallucinations, paranoia, suicidal ideations, claustrophobia, and post-traumatic stress disorder (*Id.*). Walker alleges that the mental health provider made Galloway aware of Walker's complaints (*Id.*). Walker later learned that Galloway determined that his grievance was not an emergency.

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

**Count 1:**   Fourteenth Amendment claim against Warden Darren Galloway for denying Walker access to the yard without due process.

**Count 2:**   Fourteenth Amendment equal protection claim against Warden Darren Galloway for denying Walker access to the yard because of a drug disciplinary infraction.

3

>**Count 3:** Eighth Amendment conditions of confinement claim against Warden Darren Galloway for denying Walker access to the yard or other forms of recreation for the 90-days he spent in segregation.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

**Count 1**

Walker again fails to allege a Fourteenth Amendment due process claim based on his stint in restrictive housing. Although he alleges that he was disciplined with 90-days in restrictive housing with no access to the yard, the Seventh Circuit has previously found that similar conditions do not amount to an atypical and significant hardship. *See Lekas v. Briley*, 405 F.3d 602, 611-612 (7th Cir. 2005) (90-day stay in segregation with no access to the yard or the gym did not amount to an atypical and significant hardship); *Thomas v. Ramos*, 130 F.3d 754, 759-61 (7th Cir. 1997). In analyzing the conditions of disciplinary segregation at Stateville Correctional Center, the Seventh Circuit in both *Lekas* and *Thomas* noted that inmates were subjected to 24 hour a day segregation and were barred from all prison activities. *Lekas*, 405 F.3d at 610-611 (citing *Thomas*, 130 F.3d at 757-58, 760). This

---

[3] This includes any potential Fourth Amendment claim because Walker fails to allege how the Fourth Amendment is implicated by his allegations. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

included a complete bar on exercise, including on the yard and in the gym. The Seventh Circuit found that these conditions did not amount to an atypical and significant hardship. *Lekas*, 405 F.3d at 611-612. Although Walker is adamant that the denial of recreation for 90-days in his case was atypical and significant, the conditions he experienced are no different than those in *Lekas* and *Thomas*. And critically, Walker does not appear to take issue with any other conditions he experienced while in restrictive housing; he focuses only on his inability to exercise during that specific time frame. Further, to the extent that Walker alleges that the denial of access to the yard violated IDOC policy statements, a violation of prison policies does not state a claim under Section 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 protects inmates from constitutional violations, not violations of state laws, regulations, policies, or practices). Walker has simply failed to plausibly state a due process claim, given the binding precedent of the Seventh Circuit Court of Appeals as outlined above.[4]

**Count 2**

Walker also alleges that Galloway violated his equal protection rights under the Fourteenth Amendment when he instituted a policy singling out those inmates with drug infractions for additional punishment. Walker maintains that inmates with other disciplinary infractions, some Walker alleges are more severe than drug infractions

---

[4] As the Court noted in dismissing Walker's original Complaint, Walker also fails to allege what due process protections he was denied before his placement in segregation. Walker pled guilty to the charges and there is no indication that he was denied written notice of the charges, an opportunity to appear before an impartial adjustment committee, the ability to call witnesses, or a written statement of the reasons for the discipline (Doc. 16, pp. 4-5). *See Wolf v. McDonnell*, 418 U.S. 539, 563-60 (1974).

(including violent assault, arson, dangerous disturbances, and dangerous contraband), were allowed access to the yard. Walker alleges that Galloway arbitrarily chose to punish inmates with drug infractions with the additional punishment of a complete bar on yard access during an inmate's stint in restrictive housing.

Walker fails to allege that he is part of a protected class and "prison administrators may treat inmates differently as long as the unequal treatment is rationally related to a legitimate penological interest." *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). But Walker does allege that Galloway's decision to single out drug infractions for additional punishment was not rationally related to a legitimate penological interest. Walker alleges there is no basis for denying those with drug infractions access to the yard when those individuals with violent offenses are allowed access to the yard. At this stage, Walker states a plausible equal protection claim and Count 2 shall proceed against Warden Galloway.

**Count 3**

Walker's claims could also state a claim under the Eighth Amendment. *See Turley v. Rednour*, 729 F.3d 645, 652 (7th Cir. 2013). Walker alleges that he was unable to leave his 8' x 12' cell and had no access to fresh air and recreation (Doc. 19, p. 5). The lack of exercise and outside activity affected both his physical and psychological well-being (*Id*. at p. 4). Walker alleges that he suffered from depression and other psychological conditions during his stay in restrictive housing (*Id*. at p. 3). He further alleges that Warden Galloway was the individual who made the decision to deny exercise and outside activities to inmates, like Walker, with drug infractions. Thus, the Court finds

that Walker has, at this stage of the case, stated a plausible claim against Galloway for the restriction on his ability to exercise while in segregation.

## Disposition

For the reasons stated above, Counts 2 and 3 shall proceed against Warden Galloway. Count 1 is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Galloway: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Walker. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Walker, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Galloway is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42

U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Walker, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Walker is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 5, 2024**

*/s/ Mark A. Beatty*
**MARK A. BEATTY**
**United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendant will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. Once

defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**